1
2  Of Counsel – Hyslip & Taylor LLC LPA
   Art Matthews, Esq.
3  1801 Century Park East, 24th Floor
   Los Angeles, CA  90067
4  Cal Bar. No. 145232

5
                    **UNITED STATES DISTRICT COURT**
6                   **EASTERN DISTRICT OF CALIFORNIA**
                         **FRESNO DIVISION**
7

8  Robert Fredericks,                    | Case No.:

9         Plaintiff,

10 v.                                     | Judge:

11                                        | **COMPLAINT FOR DAMAGES**
                                          | **UNDER THE FAIR DEBT**
12 Stellar Recovery Inc.,                 | **COLLECTION PRACTICES ACT,**
                                          | **ROSENTHAL FAIR DEBT**
13        Defendant.                      | **COLLECTION PRACTICES ACT, AND**
                                          | **CALIFORNIA CONSUMER CREDIT**
14                                        | **REPORTING AGENCIES ACT**

15

16                                        | **JURY DEMAND ENDORSED HEREIN**

17                            **PARTIES**

18
   1. Plaintiff, Robert Fredericks, is a natural person who resided in Merced, California at all times
19
      relevant to this action.
20
   2. Defendant, Stellar Recovery Inc., is a Florida Corporation that maintained its principal place
21
22    of business in Kalispell, Montana at all times relevant to this action.

23                      **JURISDICTION AND VENUE**

24
   3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it
25
      arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.
26
   4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's
27
28    claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788

                              Complaint - 1

*et seq*, ("RFDCPA") and the California Consumer Credit Reporting Agencies Act, California Civil Code §1750 *et seq*, ("CCRAA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5.  Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6.  At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7.  Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8.  The principal source of Defendant's revenue is debt collection.

9.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the RFDCPA, California Civil Code §1788.2(c).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed, which had been incurred for personal rather than commercial purposes.

12. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

14. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

16. Defendant has been attempting to collect an alleged debt due to Comcast for $335.99.

17.  Plaintiff does not owe this debt.

18. On March 27, 2014, Plaintiff sent a dispute letter to Defendant requesting verification of the

alleged debt.

19.  On April 21, 2014, Defendant sent Plaintiff a letter stating that the total debt due was

$335.99. See Exhibit A.

20. The letter also stated, "Pursuant to your request, enclosed please find documents from our

client which validate your debt as stated above. This is a valid debt, and the above referenced

amount in now due and owing. Please send payment in full to the address listed above."

21. The letter also stated, "AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT

A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE

SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE

TERMS OF YOUR CREDIT OBLIGATIONS."

22. Despite the willful demand for payment and willful threat to report the alleged and disputed

debt to credit reporting agencies, the documents enclosed demonstrated that Plaintiff did not

owe the debt. See Exhibit B.

23. Nevertheless, Defendant did in fact report to a consumer reporting agency that Plaintiff owed

$336 for a debt in which Comcast was the Original Creditor.

24. As a result of Defendant's actions, Plaintiff suffered actual damages in the form of pain and

suffering through emotional distress.

## COUNT I

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully

set forth herein.

26. Defendant violated 15 U.S.C. §1692e(2)(A) by using false, deceptive, or misleading representations or means in connection with the collection of the debt by making a false representation of the amount of the debt.

27. Defendant violated 15 U.S.C. §1692e(8) by communicating credit information which is known or which should be known to be false.

## COUNT II

### Violation of the Rosenthal Fair Debt Collection Practices Act

28. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

29. Defendant violated California Civil Code §§ 1788.17 by willfully violating the FDCPA, 15 U.S.C. § 1692, *et seq.*, as alleged in Count One above.

## COUNT III

### Violation of the California Consumer Credit Reporting Agencies Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

31. Defendant willfully violated California Civil Code §§ 1785.25(a) by furnishing information on a specific transaction and experience to a consumer credit reporting agency when Defendant knew and should have known the information was incomplete and inaccurate.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

a.  Judgment against Defendant for actual damages, statutory damages, and costs and

reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b.  Judgment against Defendant for actual damages, statutory damages, and

reasonable attorneys' fees and costs pursuant to California Civil Code

§ 1788.30(c).

c.  Judgment against Defendant for actual damages, punitive damages, and

reasonable attorneys' fees and costs pursuant to California Civil Code

§ 1785.31(a).

d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

By:_____s/ Art Matthews_____

Date: February 25, 2015

*Of Counsel* – Hyslip & Taylor LLC LPA
Art Matthews, Esq.
1801 Century Park East, 24th Floor
Los Angeles, CA  90067
Phone:  310-556-9620
Email:  aem@matthewsfirm.net
Cal Bar. No. 145232